**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:15-CV-00015-HBB**

**LINDA WILLIAMS**                                                          **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                          **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Linda Williams ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 12) and Defendant (DN 17) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).   By Order entered April 17, 2015 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Supplemental Security Income payments on April 11, 2011 (Tr. 58, 235).   Plaintiff alleged that she became disabled on March 14, 2011 as a result of a weak heart and breathing problems (Tr. 58, 235, 288).   Administrative Law Judge Kevin R. Martin ("ALJ") conducted a hearing on May 23, 2013 in Evansville, Indiana (Tr. 58, 76). Plaintiff was present and represented by attorney Leigh R. Doyal (Tr. 58, 76).   Also present and testifying was Sharon B. Lane, an impartial vocational expert (Tr. 58, 76).

In a decision dated August 1, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 58-69).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 11, 2011, the application date (Tr. 60).   At the second step, the ALJ determined that Plaintiff's non-ischemic cardiomyopathy status post single chamber automated implantable cardioverter-defibrillator; hypertension; emphysema; and degenerative disc disease of the cervical spine are "severe" impairments within the meaning of the regulations (Tr. 60).   Notably, at the second step, the ALJ also determined that Plaintiff's migraines, left flank pain, anxiety, and depression are "non-severe" impairments within the meaning of the regulations (Tr. 60-61).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 61).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because she is limited to occasionally climbing ramps and stairs; can never climb ladders, ropes, or scaffolding; she can occasionally balance, stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to wetness, humidity, and other irritants such as fumes, odors, dusts, gases, and poor ventilation; and she should avoid

concentrated exposure to hazards such as unprotected heights (Tr. 62).   Relying on testimony

from the vocational expert, the ALJ found that Plaintiff is capable of performing her past relevant

work as an insurance specialist (DOT # 219.367-014) (Tr. 67).

Alternatively, the ALJ made findings at the fifth step (Tr. 68-69).   Specifically, the ALJ

considered Plaintiff's residual functional capacity, age, education, and past work experience as

well as testimony from the vocational expert (Tr. 68-69).   The ALJ found that Plaintiff is capable

of performing a significant number of jobs that exist in the national economy (Tr. 68-69).

Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the

Social Security Act, from April 11, 2011 through the date of the decision (Tr. 69).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr.

53-54).   The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and

Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term

"disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of
> any medically determinable physical or mental impairment which
> can be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than twelve (12)
> months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g);

Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974

F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v.

Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists

when a reasonable mind could accept the evidence as adequate to support the challenged

conclusion, even if that evidence could support a decision the other way."   Cotton, 2 F.3d at 695

(quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In

reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve

conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human

Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984)).

A

Plaintiff raises five challenges to the residual functional capacity assessment set forth in

Finding No. 4 of the ALJ's decision (DN 12-1 at p. 3-13).   The residual functional capacity

assessment is the Administrative Law Judge's ultimate determination of what a claimant can still

do despite his or her physical and mental limitations.   20 C.F.R. §§ 416.945(a), 416.946.   The

residual functional capacity finding is based on a consideration of medical source statements and

all other evidence in the case record about what a claimant can do despite limitations caused by his

or her physical and mental impairments.   20 C.F.R. §§ 416.929, 416.945(a), 416.946; Social

Security Ruling 96-5p; Social Security Ruling 96-7p.   Thus, in making the residual functional

capacity finding the Administrative Law Judge must necessarily assign weight to the medical

source statements in the record and consider the subjective allegations of the claimant and make

credibility findings.   20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

5

1

Plaintiff argues "there was not substantial evidence to support the ALJ's failure to give 'controlling weight' and/or 'majority weight' to the opinion of Dr. Moore, her treating cardiologist" (DN 12-1 at p. 3).  Essentially, Plaintiff contends the ALJ's assessment of Dr. Moore's opinion dated May 16, 2013, does not comport with applicable law because the ALJ failed to address whether Dr. Moore's opinion is entitled to controlling weight and failed to set forth good reasons for the weight he assigned to the doctor's medical opinion (Id. at p. 3-9).

Defendant concedes the ALJ failed to separately address the issue of whether Dr. Moore's opinion was entitled to controlling weight (DN 17 at p. 6-11).   However, Defendant suggests this was not an error, but, if it was, it was harmless because the ALJ's decision satisfies the purpose of the treating source rule (Id. at 9-11).

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), *id.* § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2).   In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."  Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).
>
> The source of the opinion therefore dictates the process by which the Commissioner accords it weight.   Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not

> inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).
>
> On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

There is no dispute that Dr. Moore is a treating physician. However, Plaintiff mistakenly refers to Dr. Moore as a treating cardiologist (DN 12-1). In his statement on May 16, 2013, Dr. Moore indicates he is a family practitioner (Tr. 1137). Thus, when Dr. Moore rendered his opinions about Plaintiff's cardiac condition on May 16, 2013, he did so in his capacity as a treating family practitioner who has reviewed the medical records of the treating cardiac specialists (Id. at 1137-1140).

Defendant concedes the ALJ did not separately address the issue of controlling weight with regard to Dr. Moore's May 20, 2013 opinion. Although not mentioned by either party, the undersigned notes the ALJ made the same omission with regard to Dr. Moore's March 22, 2012 opinion (Tr. 65-66, 766-768). Thus, the undersigned will consider Defendant's arguments as though raised as to both opinions.[1]

Defendant asserts while the ALJ did not separately address the issue of controlling weight, he adequately explained why Dr. Moore's opinion was not given significant weight—it was not well-supported by clinical signs and laboratory findings, and was inconsistent with other substantial evidence in the record (Tr. 66)—which track the two criteria in the regulations for controlling weight (DN 17 at p. 8-9) (citing 20 C.F.R. § 416,927(c)(2); Social Security Ruling 96-2p). Further, Defendant contends "[t]he treating source rule does not require separate findings about controlling weight and the amount of weight ultimately afforded to a treating source opinion" (Tr. 17 p. 9; citing Gayheart, 710 F.3d at 376). The undersigned disagrees with Defendant's contention.[2] The Sixth Circuit has clearly indicated the regulations, 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2), require an Administrative Law Judge to make separate findings about controlling weight and the amount of weight eventually given to the treating source's opinion. *See* Gayheart, 710 F.3d at 376-77; Wilson, 378 F.3d at 546. Thus, as to each of Dr.

---

1 Dr. Moore's May 20, 2013 statement sets forth a number of opinions regarding Plaintiff (Tr. 1137-1140). Defendant asserts that parts of the statement are not medical opinions because they address an issue reserved for the Commissioner. The undersigned has not addressed the merits of Defendant's argument on this collateral issue. Instead, the undersigned has considered only the medical opinions in Dr. Moore's statement in assessing whether the ALJ failed to comply with 20 C.F.R. § 416.927(c)(2) and whether the ALJ's error is harmless.

2 Defendant's reliance on Dyer v. Comm'r of Soc. Sec., is misplaced because the plaintiff in that case did not raise the issue before this Court. 568 F. App'x 422, 426 (6th Cir. 2014). Further, Phillips v. Comm'r of Soc. Sec., 972 F.Supp.2d 1001, 1007-8 (N.D. Ohio 2013) and Dickey-Williams v. Comm'r of Soc. Sec., 975 F.Supp.2d 792, 804 (E.D. Mich. 2013) do not support Defendant's position because they address the harmless error analysis that occurs when the Administrative Law Judge makes an error.

Moore's opinions, the ALJ failed to follow 20 C.F.R. §§ 416.927(c)(2) because he did not make separate findings about controlling weight.

The Sixth Circuit has indicated "[t]he ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record.' " Cole v. Astrue, 661 F.3d 931, 939-40 (6th Cir. 2011) (quoting Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 407 (6th Cir. 2009)). However, violation of a procedural requirement under 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) can be deemed "harmless error" if:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of [§ 1527(c)(2)] ... even though she has not complied with the terms of the regulation.

Cole, 661 F.3d at 940 (quoting Wilson, 378 F.3d at 547). Notably, the failure to follow the Agency's procedural rule does not qualify as harmless error where the Court cannot engage in a "meaningful review" of the ALJ's decision. Wilson, 378 F.3d at 544.

First, while the limitations expressed by Dr. Moore are significant, it cannot be said these opinions of Dr. Moore are so patently deficient that the ALJ could not possibly accept them. Next, the ALJ has not adopted either of Dr. Moore's opinions or made findings consistent with Dr. Moore's opinion. With regard to the March 22, 2012 and May 20, 2013 opinions, it cannot be said that the ALJ has met the goal of 20 C.F.R. § 416.927(c)(2). In both instances, the ALJ discusses inconsistencies between Dr. Moore's opinion and other evidence in the record (Tr. 65-66). However, the consistency of the opinion with other evidence in the record is a factor properly applied only after the Administrative Law Judge has determined that a treating-source

9

opinion will not receive controlling weight.  *See* <u>Gayheart</u>, 710 F.3d at 376 (citing 20 C.F.R. §

416.927(c)(2)(i)-(ii) and (c)(3)-(6)).  Clearly, none of the above three described circumstances

applies.  Therefore, the undersigned does not find the ALJ's violation of the regulation to be

harmless.   In sum, the undersigned recommends the Court reverse the final decision of the

Commissioner and remand the case, pursuant to sentence four of 42 U.S.C. § 405(g), with

instructions to remedy the defect in the original proceedings.

2

Additionally, Plaintiff argues substantial evidence does not support the ALJ's decision to

give greater weight to the opinion of Dr. Swan, a non-examining State agency physician (DN 12-1

at p. 9-10).   Defendant has not responded to this argument (DN 17).

"The regulations provide progressively more rigorous tests for weighing opinions as the

ties between the source of the opinion and the individual become weaker."   Social Security Ruling

96-6p, 1996 WL 374180, at *2 (July 2, 1996).   "For example, the opinions of physicians or

psychologists who do not have a treatment relationship with the individual are weighed by stricter

standards, based to a greater degree on medical evidence, qualifications, and explanations for the

opinions, than are required of treating sources."   <u>Id.</u>   For this reason the opinions of

non-examining State agency medical advisors can be given weight only to the extent they are

supported by the evidence in the record.[3]   20 C.F.R. §§ 404.1527(e), 416.927(e); Social Security

Ruling 96-6p.   Thus, opinions of a non-examining State agency medical advisor that are

---

3 In making this assessment consideration should be given to such factors as the supportability of
the opinion in light of all of the evidence in the record (not just the evidence in the record at the
time the opinion was rendered), the consistency of the opinion with the record as a whole
(including other medical opinions), and any explanation for the opinion provided by the
non-examining State agency psychological consultant.   Social Security Ruling 96-6p, 1996 WL
374180, at *2 (July 2, 1996).

consistent with the evidence of record represent substantial evidence to support the Administrative

Law Judge's decision.   Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir.

1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987) (per curiam).

The relevant factors in 20 C.F.R. § 416.927(c)(2) through (d) are supposed to be applied

when an Administrative Law Judge assigns weight to the opinion of a non-examining State agency

physician.   20 C.F.R. § 416.927(e)(2)(ii).   This means the Administrative Law Judge weighs the

opinion based on the lack of an examining relationship, the specialization of the physician, the

consistency of the opinion with the record as a whole, and whether the opinion is supported by

medical signs and laboratory findings.   Gayheart, 710 F.3d at 376 (citing 20 C.F.R. §

404.1527(c)(2)-(5)).   Further, the Administrative Law Judge may consider other factors that tend

to support or contradict the medical opinion.   Id. (citing 20 C.F.R. § 404.1527(c)(6)).

The opinion of Dr. Swan, a non-examining State agency physician, received the greatest

weight of any physician in the record (Tr. 65-66).   However, the ALJ did not assign weight to Dr.

Swan's opinion based on it being supported by medical signs and laboratory findings or consistent

with the record as a whole.   *See*, 20 C.F.R. §416.927(c)(3) and (4).   Instead, the ALJ found Dr.

Swan's opinion was consistent with a single assessment that the ALJ afforded no weight to

because it was not a medical opinion (Id. at 65).   Clearly, the ALJ's assignment of weight to Dr.

Swan's opinion does not comport with the factors in 20 C.F.R. § 416.927(c)(2) through (d).

Further, the ALJ's finding regarding the weight accorded to Dr. Swan's opinion is not supported

by substantial evidence.   Therefore, the undersigned recommends the Court reverse the final

decision of the Commissioner and remand the case, pursuant to sentence four of 42 U.S.C. §

405(g), with instructions to remedy the defect in the original proceedings.

3

Plaintiff sets forth three more challenges to Finding No. 4.   Specifically, Plaintiff argues the ALJ erred in failing to accept her testimony as fully credible and in failing to state sufficient reason for doing so (DN 12-1 at p. 10-11).   Plaintiff asserts there was not substantial evidence to support the ALJ's failure to determine that the combined effects of her impairments rendered her totally disabled (DN 12-1 at p. 11-12).   Plaintiff alleges the ALJ erred because he improperly speculated as to medical conclusions (DN 12-1 at p. 12-13).   It is unnecessary to address these three claims because they can be addressed by the Commissioner when the case is remanded to remedy the above identified defects in the original proceedings.

B

Finally, Plaintiff alleges the appeals council committed error by failing to consider post-hearing evidence (DN 12-1 at p. 14).   As previously mentioned, when the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4), the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Review in this case is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   This means the Court lacks jurisdiction to address Plaintiff's complaint about the Appeals Council failing to consider her post-hearing evidence.[4]   However, the

---

[4] If the Appeals Council had decided to review Plaintiff's case and rendered its own decision, then that decision would have been the "final decision of the Commissioner" and the Court would have jurisdiction to address Plaintiff's

undersigned observes that Plaintiff's claim regarding the admissibility of the post-hearing evidence is a matter that can be addressed by the Commissioner when the case is remanded to remedy the above identified defects in the original proceedings.

C

For the reasons set forth above, the final decision of the Commissioner should be reversed. A remand pursuant to sentence four of 42 U.S.C. §405(g) is a post-judgment remand.  Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994).  This means the case is remanded to the Commissioner in conjunction with the Court making a final judgment that affirms, reverses, or modifies the final decision of the Commissioner.  Id.  Further, under sentence four, the Court may order the Commissioner to consider additional evidence on remand to remedy a defect in the original proceedings.  Id.  The undersigned concludes, pursuant to sentence four of 42 U.S.C. § 405(g), the Court should issue a final judgment that reverses the final decision of the Commissioner and remands the case to the Commissioner with instructions to conduct additional proceedings to remedy the above identified defects in the original proceedings.

---

claim.   42 U.S.C. §§ 405(g) and (h); 20 C.F.R. §§ 404.981, 422.210(a).

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED**

and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. §

405(g), for further proceedings consistent with the report of the United States Magistrate Judge.

This is a final and appealable Order and there is no just cause for delay.

Copies:          Counsel